cause there was nothing in the record to amend by; and that the amended return was ineffectual, because made after writ of error brought.

KELLY, contra.

By JUDGE WHITE. It is insisted that the amendment made in the sheriff's return by leave of the Circuit Court, cannot cure the defect in the judgment so as to prevent a reversal. We are, however, of a different opinion. Courts have extended great latitude to ministerial officers, in permitting them to amend their returns, so as to conform to the facts of the case. This prevents injury from casual mistakes, in which the parties have no agency, and by which they should not be prejudiced. But completely to effectuate this purpose, it is necessary that the return, when amended, should relate back to the period at which it was to have been made. In the present case, the plaintiff in error knew at the time he sued out his writ of error to reverse the judgment, that the original process had been served upon him; he had all the advantage of notice from such service; and to permit him to reverse for the clerical mistake of the Sheriff, would be to allow him to convert that which did not affect his rights into a means of injustice to the opposite party, who had nothing to do with the omission complained of.

Judgment affirmed.

## HOWARD v. JACKSON.

Parol evidence is insufficient to support an action for the purchase money, on a contract for the sale of lands.

HOWARD declared in assumpsit against Jackson, in Wilcox Circuit Court, to recover the price of a lot in the town of Cahawba, used as a brick yard, and also a quantity of unburnt bricks, sold by him to Jackson. To sustain the action, the plaintiff introduced the evidence of one W. W. Gary, who testified that he had heard the defendant say he had bought the lot and brick yard, which then had about 4,000 brick in it, for which he agreed to give 60,000 brick in payment; that Jackson had occupied the yard after the

JANUARY 1830. purchase, and had delivered 6,000 in part payment, to Howard's order; and that brick were worth $10 per thousand, &c. The Court instructed the jury that on this evidence the plaintiff could not recover, because parol evidence was inadmissible to establish the contract as to the land; and that as to the raw brick, the amount was not within the jurisdiction of the Court. The jury found for the defendant. The plaintiff excepted, and assigns this instruction for error.

*Howard v. Jackson.*

*a Statute of frauds, Laws of Ala. p. 244 Rinaldi v. Rives. 1 Stew. Rep. 174.*

H. G. PERRY, for the plaintiff in error.

THORINGTON, contra.*a*

By THE COURT. We are of opinion that the instructions given by the presiding Judge were correct, for the reasons given, and that the judgment must be affirmed. In this opinion we are unanimous.

---

THOMPSON v. SAFFOLD et al.

1. In an action against two on a contract, (not being within the statute of 1818,) a discontinuance as to one who is returned "not found," is a discontinuance as to all.
2. A certificate of a purchase of a lot of land, entitling the purchaser to a title on payment of the purchase money is not within said statute.
3. Such discontinuance is good cause of demurrer.

THIS was an action of trespass on the case commenced by A. M. B. Thompson, in Dallas Circuit Court, against James Saffold and Reuben Saffold, as survivors of P. Harrison, J. Cox, L. Wood, J. Phillips, and D. Files, deceased, who composed the "Portland Town Company," to recover damages of them, for failing to make title to a lot. The writ was executed on James Saffold, and as to Reuben Saffold, it was returned "not found." The plaintiff filed his declaration against James Saffold, (discontinuing his action as to Reuben Saffold,) stating that the persons above named, under the name of the "Portland Town Company," on the 23d of August, 1819, by John Cox, their treasurer, made and delivered to one Frederick Shef-